# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Kimberly Phinney<br>and<br>Clark Phinney,<br><br>    Debtors | Chapter 13<br>Case No. 24-10248 |

## ORDER ON DEBTORS' MOTION TO DETERMINE AMOUNT AND OBJECTION TO CLAIM 11

On February 7, 2025, Debtors Kimberly Phinney and Clark Phinney filed a Motion to Determine Amount and Objection to Claim 11 [Dkt. No. 39], which addresses the claim of Bre Danvers-Kidman. Attached to the filing is a copy of the proof of claim filed by Ms. Danvers-Kidman (i.e., Claim No. 11). The Phinneys ask that the amount and nature of the debt be determined through an evidentiary hearing and then that the claim be disallowed.

Apart from general representations about certain applicable law and rules, the Phinneys' filing states only the following to support their requests for relief: "Debtors object to the claim of Danvers-Kidman in that the claim provides *no basis* to assert a debt is owed to the creditor." Mot. ¶ 9 (emphasis added). That assertion is undermined by Ms. Danvers-Kidman's proof of claim, which says that the basis is a "[c]ontract for services not performed." As a result, it is inaccurate for the Phinneys to assert that Ms. Danvers-Kidman has provided no basis for her claim.[1]

---

[1] The Phinneys are also well-aware of the claim's basis from the complaint and its attachments filed by Ms. Danvers-Kidman in a related pending adversary proceeding against Ms. Phinney (Adversary Proceeding No. 24-01006).

1

Perhaps the Phinneys disagree with some aspect of the claim or how it was presented, but they have not explained that through any factual allegations in their filing. To the extent that the Phinneys' objection relates to a lack of required supporting documentation, they should say so (and explain why disallowance of the claim would be the appropriate sanction). *See* Fed. R. Bankr. P. 3001(c)(1)-(3). To the extent that the Phinneys are invoking some other challenge to the claim, including to its amount, their objection should be sufficiently factually detailed to enable Ms. Danvers-Kidman (and the Court) to know why the Phinneys believe that the claim (or any part of it) should be disallowed.

A request for relief must "state its grounds with particularity[.]" *See* Fed. R. Bankr. P. 9013(a)-(b); *cf.* Fed. R. Civ. P. 7(b)(1). Further, the Court generally cannot disallow a claim for which a proof of claim has been filed unless one of the statutory causes for disallowance has been established. *See* 11 U.S.C. § 502(b). Here, the Phinneys have not adequately or cogently stated with particularity why the Court should issue an order disallowing Ms. Danvers-Kidman's claim or granting any of the related relief requested. They have provided no plausible factual allegations and associated legal cause to support any requested relief. Thus, the Phinneys' requests for relief are denied without prejudice accordingly.

Dated: February 10, 2025

Michael A. Fagone
United States Bankruptcy Judge
District of Maine